UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61780-CIV-ZLOCH

CAPTAIN GEORGE CUSTER,

Plaintiff,

**OMNIBUS ORDER**

vs.

M/V "SEA BIRD", her engines, tackle, apparel, and other appurtenances, in rem, and SALSABOAT LTD., in personam,

Defendants.
_________________________________/

THIS MATTER is before the Court upon Plaintiff's Motion In Limine For Order Declaring Salsaboat Ltd. A Party Who Has Appeared In This Action (DE 15), Defendant M/V "SEA BIRD's" Motion For Reconsideration Of Omnibus Order (DE 17), and Plaintiff's Motion For Default Judgment (DE 22). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

The above-styled cause was previously before the Court as 08-60449-CIV-ZLOCH. That case proceeded through discovery, and the deadline for filing dispositive motions passed. Prior to the date of Pretrial Conference, the Parties failed to submit a Pretrial Stipulation or Unilateral Pretrial catalogues as required by the Court's Order and Local Rule. DE 20, 08-60449-CIV-ZLOCH; L.R. S.D. Fla. 16.1.F. The Court then dismissed the case without prejudice. DE 41, 08-60449-CIV-ZLOCH. At the time the case was dismissed,

there were nine days left for the Parties to conduct discovery, and several discovery requests were pending at that time.

In Defendants' Motion (DE 17), they requests that they be permitted to complete the discovery that was previously scheduled but not completed. These include: Defendants' Requests For Production and Interrogatories propounded on October 8, 2008, and Plaintiff's deposition, which was previously scheduled for October 15, 2008. Defendants also seeks to re-file its Motion To Strike Attorney's Fees, which was pending prior to the dismissal of the original action.

The close of discovery on the previous action would have been October 19, 2008. Thus, the deposition of Plaintiff would have been timely, and the Court will permit it to be rescheduled. Defendants, however, failed to make their discovery requests with enough lead time to allow Plaintiff to respond or object to them. Discovery must be completed by the deadline set by the Court. "For example, interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond." L.R. S.D. Fla. Gen App. A.I.E(1). Defendants' requests were sent a mere eleven days prior to the close of discovery; this did not permit Plaintiff enough time to respond. Therefore, Defendants may not move to compel Plaintiff to respond to their discovery requests. Additionally, Defendants' Motion To Strike Attorney's Fees is not a dispositive motion, and as such it may be re-filed by

the date provided below.

In Plaintiff's Motion (DE 15), he requests inconsistent forms of relief. On the one hand, Plaintiff requests that this Court attribute the Answer (DE 13) filed by M/V "Sea Bird" to the individual Defendant Salsaboat Ltd (hereinafter "Salsaboat"). On the other, Plaintiff requests that this Court enter Default against Salsaboat for failure to file a responsive pleading. By separate Motion (DE 22), he has also moved for a Default Final Judgment against Salsaboat.

Plaintiff makes three arguments for why Salsaboat has made an appearance in this action. The first is that because Defendant Salsaboat posted the bond for the release of Defendant Seabird it has waived its ability to object to Plaintiff's failure to effect service of process on it. The second is that a copy of the Complaint with a return receipt that was mailed to Salsaboat's attorney. He claims that this constitutes service of process on Salsaboat and that it has failed to file an appropriate pleading. Thus, it is now in Default. The third argument is that the Answer (DE 13) filed on behalf of Defendant Sea Bird also constitutes an appearance by Salsaboat. For clarity of the record and any reviewing court, the Court will address each argument in turn.

Plaintiff makes much out of Salsaboat posting a bond for Defendant Sea Bird in this first action and the Court transferring the bond for purposes of this case. He argues that the act of

posting the bond is sufficient to constitute an appearance by Salsaboat. On its face, Plaintiff's argument makes several compelling distinctions between the nature of a General and Special Bond and what effect the fact that Sea Bird was not arrested has upon these proceedings. Despite these distinctions, the Court is persuaded that the posting of a bond does not constitute an appearance by Salsaboat.

In Cactus Pipe & Supply, Inc. v. M/V Montmartre, the United States Court of Appeals for the Fifth Circuit opined on the nature of an appearance. 756 F. 2d 1103 (5th Cir. 1985). It noted:

> Generally, an appearance in an action involves some presentation or submission to the court. An appearance may result from the filing of an answer without raising jurisdictional defects. An appearance may also arise by implication "from a defendant's seeking, taking or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction or by reason of some act or proceedings recognizing the case as in court.

Id. at 1108 (citations omitted). This is not the case with the posting of a bond. International Seafoods of Alaska, Inc. v. Park Ventures, Inc., 829 F.2d 751, 756 (9th Cir. 1987) (citing 2 Benedict on Admiralty § 63 (1986)).

"Posting a bond merely changes the res against which the plaintiff may seek recovery if his suit is successful." 2 Mai Mangalia Shipyard S.A. v. M/V Bonsai, 2002 WL 362819 (E.D. La. 2002). The discussion and conclusion that follows in M/V Bonsai on this topic is worth quoting in its entirety.

> The effect posting the bond for the release of the vessel, or in this case, to prevent the attachment or arrest of the vessel, is to transfer the claim against the vessel as security for a judgment to the fund represented by the bond. It is not an "appearance to defend against an admiralty and maritime claim", such as a claim of owner, as contemplated by Supplemental Rule E(8). It is not a step or proceeding specifically beneficial to the defendant or detrimental to the plaintiff. Rather, it is better characterized as an act or proceeding simply recognizing the case as in court. It is a "neutral" act in that it benefits both parties to the suit. The Court concludes that posting a bond pursuant to Supplemental Rule E(5) is not an appearance in a case and does not waive jurisdictional objections.

Id. *5 (footnotes and citations omitted). Thus, the Court is unpersuaded that the posting of any bond by Defendant constitutes an appearance by Salsaboat or obviates the need to serve it with a copy of the Complaint and the Summons herein.[1] International Seafoods of Alaska, 829 F.2d at 757.

Plaintiff's second argument is that Salsaboat was served when defense counsel received a copy of the Complaint in the mail. Assuming receipt by mail, Plaintiff has yet to effect service of process on Salsaboat as dictated by Rule 4. The fact that defense counsel received a copy of the Verified Complaint in this action is of no moment. Rule 4 is particular in the manner in which service may be effected, and mailing a Complaint to the Defendant's attorney is not among the methods available. Also, a Summons was

[1] Further, the Court declines to reach whether Defendant has posted a special or general bond until that matter is necessarily decided by the Court.

not attached to the Verified Complaint, nor was a waiver of the same obtained by Plaintiff. Fed. R. Civ. P. 4(c)(1); Turner v. United States, 203 Fed. Appx. 952, 954 (11th Cir. 2006); DE 22, Ex. 2. Thus, it is impossible for Plaintiff to maintain that Salsaboat has been served with a copy of the Complaint and summonses herein for Plaintiff to then move for Default under Rule 55.

Plaintiff's argument that Salsaboat has made an appearance in this action with the filing of an Answer (DE 13), though confusing, does have merit. Plaintiff is correct that the in rem vessel may not make an appearance by itself. Only the person who has a claim upon it, may make such an appearance, and file a claim or Answer to a Complaint. Supplemental Rule C(6); Local Admiralty Rule C(6) (noting "a claimant" may file a claim or an answer); see also 12 Wright & Miller, Federal Practice & Procedure, § 3223 (1997).

Under the Federal Rules of Civil Procedure, the distinction between a special and general appearance has been abolished. United States v. Republic Marine, Inc., 829 F.2d 1399, 1403 n.2 (7th Cir. 1987). The defenses of lack of personal jurisdiction and insufficient service of process are waived, if they are not raised in a responsive pleading. Fed. R. Civ. P. 12(h)(1)(A)(B)(i)-(ii). The distinction, however, has survived in Maritime Cases. Supplemental Rule E(8) allows a claimant to vigorously defend a claim against a vessel without subjecting itself to in personam

jurisdiction. Ventura Packers, Inc. V. F/V Jeanine Kathleen, 424 F.3d 852, 863 (9th Cir. 2005). This occurs when the claimant makes a restricted appearance.

On the face of the Answer, it is not apparent what effect is intended by the Answer. It is purportedly filed on behalf of Defendant Sea Bird. But it is not being filed by Sea Bird's owner, and it is not in the form dictated by Supplemental Rule C(6). The only mention of Salsaboat, Ltd., is in the sixth paragraph where it states:

> Admitted that the Defendant vessel is registered in the Marshall Islands and is owned by Salsaboat Ltd. (which has not been served in this action), a Marshall Islands Corporation

DE 13, ¶ 6. Thus, it is clear that Salsaboat owns Sea Bird, but it is not until a later filing in Response (DE 19) to Plaintiff's instant Motion (DE 15) that Defendant Salsaboat states:

> On December 5, 2008, Salsaboat Ltd., pursuant to its right under Supplemental Rule E(8), filed an Answer and Affirmative Defenses on behalf of the vessel in rem. (D.E. 13). This Rule allows the owner of the Vessel to make a restricted appearance to defend against an in rem admiralty claim without it being deemed an "[A]ppearance for any other claim with respect to which such process is not available or has not been served." Fed. R. Civ. P. Supplemental Rule E(8)(2008).

DE 19, ¶ 7. Such an appearance is perfectly licit, except it must be clear that is what the Defendant is attempting to do.

The Answer (DE 13) does not make any reference to making a restricted appearance. Supplemental Rule E(8) is not cited, nor do

the words "restricted appearance" appear in the text of the Answer. To be clear, there is no prescribed form that making an appearance under Supplemental Rule E(8) must take. In contrast to the Federal Rules of Civil Procedure, there are no sample forms attached to the Supplemental Rules. See Fed. R. Civ. P. 84. The forms in learned treatises on this matter also differ slightly. Compare 12B Fed. Proc. Forms § 47:60 (Notice Of Restricted Appearance), with 4-III Benedict on Admiralty FORM No. 3-803 (Lexis 2008). And the limited case law on this point does not reference a specific form that such an appearance must take. The Rice Company (Suisse), S.A. v. Precius Flowers Ltd., 523 F.3d 528, 531 (5th Cir. 2008).

But what is clear from the Supplemental Rule itself, the case law, and the forms contained in learned treatises, is that somewhere in the Answer the party making the appearance must notify the Court and the opposing party that it is invoking its right to make a limited appearance. See Republic Marine, Inc., 829 F.2d at 1403, n.2 (noting that a restricted appearance must be "expressly claimed"). Because no such indication is made in the Answer, none shall be given to the Defendant Salsaboat. Instead it will be bound by its cryptic appearance in the Answer and the subsequent statement made in Docket Entry 19. See M/V Montmartre, 756 F.2d at 1108 (noting the Party waived its objection to personal jurisdiction); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). Thus, it has appeared in this action, the Court may

exercise jurisdiction over it, and any defense listed in Rule 12(b)(2)-(5) is waived.

Consistent with this reading of the Answer, the Court finds that Defendant Salsaboat is not in default, and Plaintiff's Motions to that end will be denied. In making this ruling, the Court has chosen to err on the side of Salsaboat desiring to defend this action and construing the Answer to match that indication. Indeed, it has given every indication that it intends to defend this action on the merits. Varnes v. Local 91, Glass and Bottle Blowers Ass'n of the United States and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982) (noting default judgments are disfavored and courts prefer adjudication on the merits). Therefore, by the date set forth below Defendants shall re-file their Answer to reflect any denials or defenses both may have.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion In Limine For Order Declaring Salsaboat Ltd. A Party Who Has Appeared In This Action (DE 15) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

A. Defendant Salsaboat Ltd. is hereby deemed to have made an appearance in this action and to have submitted itself to this Court's jurisdiction; and

B. In all other respects, Plaintiff's Motion (DE 15) be and the same is hereby **DENIED**;

2. Defendant M/V "SEA BIRD's" Motion For Reconsideration Of Omnibus Order (DE 17) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

A. To the extent Defendant's Motion (DE 17) seeks leave to take Plaintiff's deposition and file a Motion To Strike Attorney's Fees, it be and the same is hereby **GRANTED**;

B. By noon on Friday, April 24, 2009, the Parties shall conduct the deposition of Plaintiff Captain George Custer;

C. By noon on Friday, April 10, 2009, Defendant shall file its Motion To Strike Attorney's Fees, if any;

D. By noon on Friday, April 17, 2009, Plaintiff shall file its Response to said Motion; and

E. In all other respects, Defendant's Motion (DE 17) be and the same is hereby **DENIED**; and

3. Plaintiff's Motion For Default Judgment (DE 22) be and the same is hereby **DENIED**; and

4. By noon Friday, April 10, 2009, Defendants shall re-file their Answer, to accord with this Court's Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of March, 2009.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record